RICHARD ANDREW LaVENTURE,

                        Plaintiff,

  -against-                                                  6:17-CV-0443 (LEK/DJS)

NANCY A. BERRYHILL,
Acting Commissioner of Social Security,

                        Defendant.

## DECISION AND ORDER

### I. INTRODUCTION

This Social Security action comes before the Court following a report-recommendation and order filed on June 26, 2018, by the Honorable Daniel J. Stewart, U.S. Magistrate Judge, pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3. Dkt. No. 21 ("Report-Recommendation"). Both plaintiff Richard LaVenture and defendant Acting Commissioner Nancy Berryhill timely filed objections. Dkt. Nos. 22 ("Plaintiff's Objections"), 25 ("Defendant's Objections").

### II. LEGAL STANDARD

Within fourteen days after a party has been served with a copy of a magistrate judge's report-recommendation, the party "may serve and file specific, written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b); L.R. 72.1(c). If no objections are made, or if an objection is general, conclusory, perfunctory, or a mere reiteration of an argument made to the magistrate judge, a district court need review that aspect of a report-recommendation only for clear error. Barnes v. Prack, No. 11-CV-857, 2013 WL 1121353, at *1 (N.D.N.Y. Mar. 18, 2013); Farid v. Bouey, 554 F. Supp. 2d 301,

306–07, 306 n.2 (N.D.N.Y. 2008), abrogated on other grounds by Widomski v. State Univ. of N.Y. at Orange, 748 F.3d 471 (2d Cir. 2014); see also Machicote v. Ercole, No. 06-CV-13320, 2011 WL 3809920, at *2 (S.D.N.Y. Aug. 25, 2011) ("[E]ven a *pro se* party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a second bite at the apple by simply relitigating a prior argument."). "A [district] judge . . . may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." § 636(b). Otherwise, a court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id.

## III.   BACKGROUND

Plaintiff originally filed a claim for disability insurance benefits ("DIB") on December 17, 2008, alleging a disability onset date of May 1, 2007.[1] Dkt. Nos. 9–10 ("Administrative Transcript")[2] at 62, 123. Plaintiff listed chest wall hernia, asthma, anxiety, depression, and chronic obstructive pulmonary disorder ("COPD") as the illnesses, injuries, or conditions that limit his ability to work. Id. at 128. Plaintiff's date last insured was September 30, 2010. Id. at 487.

Plaintiff's application for DIB was initially denied on March 9, 2009. Id. at 65–68. At a subsequent hearing, completed on September 9, 2010, Administrative Law Judge ("ALJ") Marie

---

[1] The Report-Recommendation states that Plaintiff alleged a disability onset date in May 2017, rather than in May 2007. R. & R. at 2. However, further review of the administrative transcript reveals that to have been a typographical error.

[2] Due to the length of the Administrative Transcript, it is contained in two separate, but consecutively paginated, docket entries. For the purposes of this Decision and Order, both docket entries will be cited jointly as part of the "Administrative Transcript."

Greener reversed that finding, and determined that Plaintiff was disabled as of May 1, 2007. Id. at 535–51. However, the ALJ also found, based on "the objective medical evidence and the claimant's activities of daily living," that medical improvement occurred as of December 1, 2008, such that Plaintiff's disability ended as of November 30, 2008. Id. at 544. Plaintiff filed an action challenging the ALJ's decision, and the District Court vacated and remanded because "the ALJ had not complied with her affirmative duty to request medical source statements to develop the record . . . [such that] the ALJ improperly substituted her own opinion for that of a physician." R. & R. at 3.

On remand, ALJ Greener explained that, despite her best efforts, she had been unable to develop the record in the manner suggested by the District Court. Administrative Tr. at 485–510. She therefore determined, once again, that Plaintiff was not disabled during the period beginning December 1, 2008. Id. at 1135. Plaintiff again filed an action challenging that determination, and the parties stipulated to remand pursuant to 42 U.S.C. § 405(g), which allows a federal district court "to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." Administrative Tr. at 1148–49.

On remand for the second time, this dispute was reassigned to ALJ Elizabeth W. Koennecke, who ran into many of the same evidentiary roadblocks as ALJ Greener. Id. at 1076, 1085–86. Nonetheless, after holding a hearing and reviewing the available medical evidence, ALJ Koennecke found that (1) Plaintiff did not engage in substantial gainful activity during the relevant period; (2) Plaintiff suffered from a number of serious impairments, though none that met or were equivalent to a listed impairment; and (3) "while Plaintiff's medically determinable

impairments could reasonably be expected to cause his alleged symptoms, his 'statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record.'" R. & R. at 5 (quoting Administrative Tr. at 1084). In making that last determination, the ALJ primarily relied on the same evidence cited by ALJ Greener: treatment notes and medical analysis from Plaintiff's physicians, as well as inferences drawn from certain statements they made and treatment options they recommended. E.g., Administrative Tr. at 1085 (finding significant that, after receiving surgery for a hernia, Plaintiff was discharged and no limitations were set on his functionality); id. (emphasizing a physician's note stating that Plaintiff "needs to get back to work" and suggesting "some form of vocational training" as indicative of Plaintiff's ability to work in some capacity). ALJ Koennecke therefore concluded, just as ALJ Greener had before her, that Plaintiff was not disabled for the period from December 1, 2008 through September 30, 2010. Id. at 1091.

On April 20, 2017, Plaintiff brought yet another action before the District Court to challenge ALJ Koennecke's decision. Dkt. No. 1 ("Complaint"). After the dispute was fully briefed, Judge Stewart filed the Report-Recommendation, finding that (1) the ALJ improperly failed to make a finding of medical improvement; and (2) the ALJ's residual functional capacity ("RFC") determination was not supported by substantial evidence. R. & R. at 12, 15. As a result, Judge Stewart recommended that the Court grant Plaintiff's motion for judgment on the pleadings, Dkt. No. 13 ("Plaintiff's Motion"), deny Defendant's motion for judgment on the pleadings, Dkt. No. 20 ("Defendant's Motion"), and remand this matter for further proceedings, R. & R. at 15.

## IV. DISCUSSION

### A. The ALJ's Obligation to Make a Finding of Medical Improvement

Defendant first objects to Judge Stewart's conclusion that ALJ Koennecke "did not make an explicit finding of medical improvement; nor did she point to changes in Plaintiff's conditions that would allow a court to determine that she had in fact found that there had been improvement from the period during which he had been found disabled." R. & R. at 12. Defendant argues that, in fact, "the ALJ did provide enough information to enable the court to determine that she had found medical improvement." Def.'s Objs. at 2. In support, Defendant invites the Court to compare ALJ Greene's initial RFC determination—that, within the disability period, "Plaintiff could perform sedentary work except that he could sit for substantially less than 6 hours in an 8-hour workday"—with ALJ Koennecke's finding that, after December 1, 2008, "Plaintiff could perform sedentary work as long as he could frequently change positions." Id. (citing Administrative Tr. at 15, 1079). That comparison, Defendant argues, "enables the Court to determine that the ALJ found medical improvement." Id. at 3.

Although Judge Stewart did not explicitly address the comparison highlighted by Defendant, a de novo review of that evidence makes clear that it does not provide sufficient grounds for modifying the Magistrate's findings. Courts in this District have found that an ALJ's decision will be sufficient, even when it fails to employ the recognized eight-step medical improvement test, if it provides an analysis with "enough information to enable th[e] court to determine whether [the ALJ] made the requisite findings." Crowell v. Astrue, No. 08-CV-8019, 2010 WL 7765355, at *14 (S.D.N.Y. July 23, 2010). However, the focus in such an inquiry remains on the ALJ's analysis, and whether it included consideration of the factors included in

5

the eight-step test. See O'Connor v. Astrue, No. 07-CV-141, 2009 WL 3273887, at *4 (W.D.N.Y. Oct. 9, 2009) ("[T]he regulations applicable to a continuing disability review require the ALJ to analyze a claimant's claim using a[n eight]-step process. In this case, however, while the ALJ began his decision by articulating the [eight]-step 'medical improvement' review standard, his decision ultimately relied upon a different analytic strategy. Nonetheless, this court will consider the ALJ's decision in its entirety to determine whether he made the requisite findings." (citation omitted)).

Defendant's invitation to examine ALJ Koennecke's decision in light of ALJ Greene's earlier findings is therefore inapposite, as it provides no insight into whether ALJ Koennecke's analytical framework resembled and/or satisfied the eight-step medical improvement test. As a result, the Court rejects Defendant's objections in that regard.

**B. Lack of Substantial Evidence**

Defendant also objects to Judge Stewart's finding that, because ALJ Koennecke "rel[ied] on the same [insufficient] evidence as relied upon in previous determinations," her "RFC analysis [wa]s not supported by substantial evidence." R. & R. at 13, 15. Specifically, Defendant points to a number of facts in the Administrative Transcript which, even if not in the form of a function-by-function analysis, do constitute substantial evidence. Def.'s Objs. at 4–5. That evidence includes: (1) Plaintiff's testimony and activity level during the relevant period; (2) Dr. Kramer's treating opinion, "which found that Plaintiff could perform work that was not 'physically demanding,'" id. at 4 (quoting Administrative Tr. at 432); (3) Dr. McGinnis's notes regarding Plaintiff's use of an abdominal binder; and (4) Dr. Zuckerman's post-surgical note, which sets no limitations on Plaintiff's functionality, id. at 4–5.

6

Each of those pieces of evidence was previously presented in Defendant's Motion, compare id. with Def.'s Mot. at 8–9, and some were referred to specifically by Judge Stewart in the Report-Recommendation, e.g., R. & R. at 13 (quoting prior district court's analysis of medical records derived from Dr. Kramer). Thus, Defendant's second objection constitutes "a mere reiteration of an argument made to the magistrate judge," and is subject to review only for clear error. Barnes, 2013 WL 1121353, at *1. Having reviewed both the record and Judge Stewart's reasoning, the Court finds none.

**C. Directed Finding of Disability**

Plaintiff's Motion, which argued that "remand of [Plaintiff's] case will serve no useful purpose," requested that the Court "remand the case with a directed finding of disability and order the calculation of benefits." Pl.'s Objs. at 25. However, the Report-Recommendation did not discuss the possibility of a directed finding. Although Judge Stewart recommended that Plaintiff's Motion be granted, he also recommended that Defendant's decision denying Plaintiff DIB "be vacated and remanded . . . for further proceedings." R. & R. at 15. As a result, Plaintiff argues in his objections that, because "Plaintiff has satisfied his burden of proving he is incapable of performing past relevant work, but the Commissioner has failed to satisfy her burden to prove Plaintiff is capable of other work, and a significant amount of time has passed, 'reversal and the immediate award of benefits is appropriate.'" Pl.'s Objs. at 2 (quoting Coulter v. Chater, 173 F.3d 843 (2d Cir. 1999)).

If "no useful purpose would be served . . . by a remand" of a Social Security dispute, a court may remand with a directed finding of disability and order the calculation of benefits. Parker v. Harris, 626 F.2d 225, 235 (2d Cir. 1980). No useful purpose exists, for example,

"[w]here the reversal 'is based solely on the [Commissioner's] failure to sustain [her] burden of adducing evidence of the claimant's capability of gainful employment,'" and the Commissioner would not be able to offer additional evidence in support of her position during subsequent proceedings. Balsamo v. Chater, 142 F.3d 75, 82 (2d Cir. 1998) (quoting Carroll v. Sec'y of Health & Human Servs., 705 F.2d 638, 644 (2d Cir. 1983)).

In this case, both ALJs Greene and Koennecke determined that Plaintiff had satisfied his burden with regard to the first four steps in the five-step evaluation process used to determine whether an individual is disabled as defined by the Social Security Act.[3] However, both this Court and District Court Judge David N. Hurd, in his March 20, 2014 decision vacating ALJ Greene's findings, have found that the evidence available on Plaintiff's record is not sufficiently substantial to carry the Defendant's burden of proving a medical improvement as of December 1, 2008. Administrative Tr. at 519–30. And it seems unlikely that any additional evidence will be uncovered in future proceedings. Both ALJs Greene and Koennecke noted the difficulties they faced in obtaining medical source statements from Plaintiff's treating physicians, see, e.g., Administrative Tr. at 485–510, 1076, 1085–86, 1132, and those difficulties seem likely only to deepen as time goes on. Accordingly, bearing in mind that these proceedings have now continued for nearly a decade, the Court agrees with Plaintiff that no useful purpose would be served by a remand, and that a directed verdict is more appropriate. See McClain v. Barnhart, 299 F. Supp. 2d 309, 330 (S.D.N.Y. 2004) ("The lengthy [nine-year] delay in the resolution of [plaintiff's] claim further persuades [the court] that the case is properly disposed by remanding solely for the

---

[3] The Court assumes familiarity with this standard, which is described in greater detail in the Report-Recommendation. R. & R. at 8–10.

calculation of benefits."). The Court therefore directs Defendant to calculate and award Plaintiff the benefits to which he is entitled.

## V. CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that the Report-Recommendation (Dkt. No. 21) is **APPROVED and ADOPTED in part** in accordance with this Decision and Order; and it is further

**ORDERED**, that Plaintiff's Motion for Judgment on the Pleadings (Dkt. No. 13) is **GRANTED**; and it is further

**ORDERED**, that Defendant's Motion for Judgment on the Pleadings (Dkt. No. 20) is **DENIED**; and it is further

**ORDERED**, that Defendant's decision denying Plaintiff DIB is **VACATED** and **REMANDED** solely for the purpose of calculating benefits; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:     August 06, 2018
                Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge